```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND


CHARLOTTE FARHAT et al.         *
                                *
v.                              *   Civil Action No. WMN-14-2766
                                *
METROPOLITAN LIFE INSURANCE     *
COMPANY                         *
                                *
*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

## MEMORANDUM

On August 28, 2011, the house in which Plaintiffs resided experienced a sump pump failure which resulted in extensive water damage to the structure.  Defendant Metropolitan Life Insurance Company (Met Life) insured the property at the time of this incident.  Plaintiffs allege that they filed a timely claim related to that damage and acknowledge in their Complaint that Met Life "substantially paid the claim related to the dwelling of the home."  ECF No. 1 ¶ 17.  They further allege, however, that Met Life "refused to rightfully pay under the contents portion of the policy," id. ¶ 1, and "denied the claim in part without properly investigating the claim primarily related to the personal property contents."  Id. ¶ 16.  They also allege that they suffered both temporary and permanent personal injury due to mold exposure caused by the flooding.  Id. ¶ 22.

Plaintiffs, through counsel, filed their Complaint on August 28, 2014, asserting a claim for Breach of Contract (Count

One), "Personal Injury" (Count Two) related to mold-related illnesses allegedly suffered by Plaintiffs, and "Race Discrimination" (Count Three).  The factual basis for that third claim is limited to the following: "Based upon Defendant Insurance Company agents' bold statements and actions, it is reasonably foreseeable that Plaintiffs became the victim of race discrimination in the processing of their insurance claim by Defendants.  All plaintiffs are of African descent."  Id. ¶ 23.  As relief, Plaintiffs prayed for "contractual benefits in excess of $300,000, punitive damages in the amount of $1,000,000 for bad faith practices," and other appropriate relief.  Id., ad damnum clause.

On October 2, 2014, Met Life filed a motion to dismiss Count Three for failure to state a claim and for summary judgment as to Counts One and Two.  ECF No. 7.  On October 3, 2014, Plaintiffs' counsel filed a motion to withdraw as counsel, citing irreconcilable differences between himself and Plaintiffs.  ECF No. 9.  The Court granted that motion on October 6, 2014, and also sent Plaintiffs a letter alerting them to the pendency of the dispositive motion and instructing them that if they did not respond to the pending motion within 17 days of that letter, their claims could be subject to dismissal or entry of judgment against them without further notice from the Court.  ECF No. 14.  On October 16, 2014, Plaintiffs filed a

request to extend the time until November 13, 2014, for them to respond to Met Life's motion, explaining that they have experienced difficulty finding a new lawyer to represent them in this matter.  ECF No. 16.  The Court granted that request.  ECF No. 17.  Despite that extension, however, Plaintiffs have filed no response to Met Life's motion and the time for so doing has expired.

The Court will grant Met Life's motion.  As to Count Three, the "Race Discrimination" claim, Met Life correctly observes that Plaintiffs have identified no statutory basis for this claim and, furthermore, "'there is no common law tort for discrimination.'"  ECF No. 7 at 15 (quoting Braxton v. Domino's Pizza LLC, Civ. No. RDB-06-1191, 2006 WL 3780894, at *5 (D. Md. Dec. 21, 2006)).  Even had Plaintiffs provided some statutory basis for their race discrimination claim, the claim would still be subject to dismissal.  Plaintiffs have failed to allege any facts that would give rise to a plausible inference of racially discriminatory intent on the part of Met Life.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

As to the Breach of Contact claim, Plaintiff Charlotte Farhat acknowledged in her Examination under Oath that the only

3

portion of their insurance claim that remains unresolved is a claim for personal property loss. ECF No. 7-1 at 81 (Oct. 17, 2013 Examination under Oath at 20). Furthermore, Met Life has submitted with its motion evidence of its repeated requests for documentation of Plaintiffs' property loss claims. Id. at 59–75 (letters requesting proof of loss documentation). Plaintiffs were clearly required to provide this documentation under the terms of the policy. Id. at 29 (portion of policy describing "What You Must Do After a Loss"). Plaintiffs' failure to respond to the motion renders these facts undisputed. Accordingly, Met Life is entitled to summary judgment on Plaintiffs' breach of contract claim. See Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law.").

Finally, a similar analysis applies to Plaintiffs' "Personal Injury" claim or any other claim related to mold or mold remediation. With its motion, Met Life supplied the portions of the insurance policy that expressly exclude coverage for personal injury, for any bodily injury specifically related to mold, and for any claim for mold treatment or remediation in excess of $5,000. ECF No. 7-1 at 20, 24, 34-35. Met Life also supplied evidence that Met Life has already paid Plaintiffs the $5,000 limit for mold remediation. Id. at 51. In the absence

of any evidence from Plaintiffs that would create a genuine issue of material fact, Met Life is entitled to summary judgment on this claim as well.

A separate order will issue.

_____/s/_____
William M. Nickerson
Senior United States District Judge


DATED: December 10, 2014