IN THE UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF MARYLAND


CHARLOTTE FARHAT, et al.         *
                                 *
v.                               *     Civil Action No. WMN-14-2766
                                 *
METROPOLITAN LIFE INSURANCE      *
COMPANY                          *
                                 *
                                 *
                                 *
     *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

                         **MEMORANDUM AND ORDER**

    Before the Court is a Motion for Reconsideration filed by Plaintiffs Charlotte and Arthur Farhat, Sheila Griffiths, and S.G.J., a minor, ECF No. 20, asking the Court to reconsider its Memorandum and Order from December 10, 2014.  ECF Nos. 18 and 19.  The Motion is opposed by Defendant Metropolitan Life Insurance Company (Met Life), ECF No. 21, the time for Plaintiffs to reply has expired, and thus the Motion is ripe for review.  Upon a review of the papers, facts, and applicable law, the Court determines no hearing is necessary, Local Rule 105.6, and the Plaintiffs' motion will be granted.

    Plaintiffs brought this action against Met Life for allegedly failing to properly pay an insurance claim relating to a sump pump failure in their home. Filed through counsel, their action asserted a claim for Breach of Contract (Count One), "Personal Injury" (Count Two), and "Race Discrimination" (Count

Three).  Plaintiffs' counsel withdrew shortly after Met Life filed a Motion to Dismiss.  On October 21, 2014, the Court granted Plaintiffs' request for an extension to file their response until November 13, 2014, so that they could secure new counsel.  ECF No. 17.  Plaintiffs did not file a response by this new deadline or provide further information to the Court regarding their intent to continue their action.  The time to respond expired and the Court, upon a review of the facts and law, granted Met Life's motion and dismissed the case.

Plaintiffs then filed this Motion for Reconsideration on December 19, 2014, on the ground that the Clerk's office informed them that the Court's decision regarding their extension request would arrive by mail, yet they did not receive the Court's October 21st Order.  Upon a review of the ECF docket sheet, it appears that the Court's Order granting them an extension to answer Met Life's Motion to Dismiss was not mailed. This clerical error and the information from the Clerk's office that the Court's disposition would arrive by mail combined to create reliance in Plaintiffs that they would receive an Order by mail.  Reconsideration is warranted if (1) there is a change in controlling law, (2) new evidence becomes available; or (3) there is a need to correct a clear error or prevent manifest injustice.  Bogart v. Chappell, 396 F.3d 548, 555 (4th Cir. 2005).  Here, an error on the part of the Court resulted in some

confusion as to the pro-se Plaintiffs' obligations to continue this action.  As such, the Court will grant 60 days for the Plaintiffs to file an opposition to Met Life's Motion to Dismiss or for Summary Judgment, ECF No. 7.

Accordingly, it is this 10th day of February, 2015, ORDERED that:

(1) Plaintiffs' Motion for Reconsideration, ECF No. 20, is GRANTED;

(2) The Court's December 10, 2014, Memorandum and Order, ECF Nos. 18 and 19, is VACATED and this case REOPENED;

(3) Plaintiffs shall have 60 days from the date of this Order to respond to Defendant's Motion to Dismiss or for Summary Judgment; and

(4) The Clerk of Court shall transmit a copy of this Memorandum and Order to all counsel of record.

```
              _____/s/_____
                     William M. Nickerson
                     Senior United States District Judge
```